IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CORIZON HEALTH, INC., )
)
    Plaintiff, )
)
v. ) CASE NO. CV417-012
)
M.D. CARL FAULKS, )
)
    Defendant. )
)

## ORDER

Before this Court is Plaintiff's Request for Clerk's Entry of Default and Default Judgment. (Doc. 6.) However, "[p]rior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).[1]

---

[1] The Second Circuit explained the full procedure for seeking default and default judgment as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Finally, Rule 55(c)

The purpose of first requiring an entry of default is to afford the defendant an opportunity to have the default set aside, pursuant to Federal Rule of Civil Procedure 55(c), prior to the entry of a default judgment.[2] Allowing a party to obtain both the entry of default and default judgment in a single motion would defeat that purpose. As the entry of default by the clerk of court is a necessary precursor to filing a motion for default judgment, Plaintiff's motion requesting both a clerk's entry of default and the entry of default judgment is not properly before the Court at this time. Therefore, Plaintiff's motion is **DISMISSED**.

SO ORDERED this 25th day of May 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

    authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Meehan, 652 F.2d at 276 (internal citations omitted).

[2] It is clear why the Federal Rules of Civil Procedure provide a party with the opportunity to set aside an entry of default prior to the entry of default judgment. The standard for obtaining relief from an entry of default is much less demanding than obtaining relief from a default judgment. Compare Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."), with id. 60(b) (allowing relief from judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect").