IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CORIZON HEALTH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                       ) | CASE NO. CV417-012 |
| ) | |
| CARL FAULKS, M.D., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**O R D E R**

Before the Court is Plaintiff Corizon Health, Inc.'s Motion for Default Judgment (Doc. 10), to which Defendant Carl Faulks, M.D., has not responded. In the motion, Plaintiff requests that the Clerk enter default judgment against Defendant under Federal Rule of Civil Procedure 55(b)(1). (Doc. 10 at 1.) For the following reasons, Plaintiff's motion is **DENIED** and Plaintiff is **DIRECTED** to file a renewed motion within **thirty (30) days** of this order.

**BACKGROUND**

This case arises from Plaintiff's inadvertent overpayment of wages to Defendant. (Doc. 1 at 3.) Defendant was employed by Plaintiff from December 17, 2014 until February 8, 2016. (Id. at 2.) On February 2, 2015, Defendant injured his knee while working for Plaintiff. (Id.) On June 8, 2015, Plaintiff placed Defendant on unpaid leave while Defendant underwent surgery on his knee. (Id.) However, due to a clerical oversight, Defendant continued to

received salary payments from Plaintiff while he was on leave. (Id.) Plaintiff eventually terminated Defendant's employment on February 8, 2016, because Defendant was unable to return to work after his surgery. (Id.) Due to the clerical oversight, Defendant continued to receive salary payments from Plaintiff on a bi-weekly basis until on or about June 10, 2016, when Plaintiff discovered the error. (Id.) Specifically, Defendant received net pay between $5,108.26 and $5,579.46 every other week from June 8, 2015 until June 10, 2016, totaling $129,347.09 in overpaid wages. (Id.)

On September 14, 2016, Plaintiff sent a letter to Defendant via certified mail requesting that Defendant return the overpaid wages. (Id. at 3.) Defendant signed a certified receipt acknowledging that he received the letter on or about October 13, 2016. (Id.) Between October 2016 and December 2016, Plaintiff sent two more letters via UPS and FedEx to Defendant requesting that Defendant return the overpaid wages. (Id.) Defendant failed to respond to any of Plaintiff's demand letters and failed to return the overpaid wages. (Id.) Subsequently, Plaintiff brought suit against Defendant in this Court on January 20, 2017. (Id. at 1.) In its complaint, Plaintiff seeks recovery of the overpaid wages under theories of money had and received and unjust enrichment. (Id. at 3-4.) Defendant was served a copy of the complaint and summons on April 20, 2017 (Doc. 5), but he failed to respond. Plaintiff received a Clerk's Entry of Default on June 1, 2017 (Doc.

2

9) and subsequently filed this motion for default judgment (Doc. 10).

Prior to the Court addressing Plaintiff's motion, Defendant filed a notice of automatic stay on account of bankruptcy. (Doc. 13.) Pursuant to 11 U.S.C. § 362, the Court stayed this case until the Bankruptcy Court granted relief from the stay, closed the bankruptcy case, or dismissed the bankruptcy petition. (Doc. 14.) On March 25, 2019, Magistrate Judge Ray lifted the stay because Defendant's bankruptcy case had ended and ordered the parties to submit a joint status report to apprise the Court of the current status of this case. (Doc. 15.) In response to Magistrate Judge Ray's order, Plaintiff filed a status report stating that Plaintiff attempted to contact Defendant via phone calls and a letter. (Doc. 16 at 1.) Plaintiff also contacted Defendant's attorney of record for Defendant's bankruptcy case, who indicated that he no longer has contact with Defendant. (Id.) As of the date of filing of Plaintiff's status report, Plaintiff had not received any response from Defendant. (Id. at 2.)

In addition to the status report, Plaintiff provided a stipulated judgment from the United States Bankruptcy Court for the Southern District of Georgia indicating that Defendant was denied bankruptcy discharge due to Defendant's execution of a waiver of discharge. (Doc. 16, Attach. 3 at 2-3.) Plaintiff also provided evidence that it received a pro rata share of Defendant's

remaining assets, after the payment of administrative expenses and priority creditors, in the amount of $2,524.85. (Doc. 16, Attach. 4 at 3; Doc. 16, Attach. 5 at 1.) In the status report, Plaintiff indicates that because Defendant's debt was not discharged in his bankruptcy case, Plaintiff intends to continue with the instant action to recover the overpayment of wages in the amount of $129,347.09 less the $2,524.85 that Plaintiff recovered from the bankruptcy proceeding. (Doc. 16 at 2-3.) Plaintiff also indicates that it seeks to recover attorneys' fees incurred in this action. (Id. at 3.)

## ANALYSIS

Under Federal Rule of Civil Procedure 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x

4

860, 863 (11th Cir. 2007); see also <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1543 (11th Cir. 1985) (finding that court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation," or where "the record adequately reflects the basis for the award via a . . . demonstration by detailed affidavits establishing the necessary facts.").

Plaintiff received a Clerk's Entry of Default on June 1, 2017. (Doc. 9.) Plaintiff then moved the Court to enter default judgment against Defendant and sought damages for overpaid wages in the amount of $129,347.09, plus interest, and costs in the amount of $630.00. (Doc. 10 at 2.) However, according to Plaintiff's status report, Plaintiff now seeks damages for overpaid wages in the amount of $126,822.24—that is, $129,347.09 less the $2,524.85 recovered from the bankruptcy proceeding. (Doc. 16 at 2-3.) Additionally, Plaintiff now requests attorneys' fees that it incurred in this action. (<u>Id.</u>)

Plaintiff's motion for default judgment no longer ascribes the appropriate amount of damages Plaintiff seeks to recover from Defendant. Plaintiff also cannot raise a new request for attorneys' fees in its status report that it failed to raise in its motion for default judgment. Because the circumstances surrounding Plaintiff's requested damages have changed since Plaintiff filed its motion for default judgment, the Court **DIRECTS** Plaintiff to

refile its motion and supporting documentation. Plaintiff should specify the amount of overpaid wages (less the $2,524.85 recovered from the bankruptcy proceeding), attorneys' fees, and costs it seeks to recover from Defendant.

The Court also notes that Plaintiff has failed to adequately support the amount of overpaid wages and attorneys' fees it seeks to recover. Plaintiff, in its motion, requests that the Clerk enter default judgment under Federal Rule of Civil Procedure 55(b)(1). For default judgment to be entered by the Clerk, the alleged damages must be either for a "sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). For a sum to be made computationally certain, "[i]t is not sufficient to simply request a specific amount, rather the amount must be " 'reasonable under the circumstances.' " <u>Carter v. Macon Manor NRC, LLC</u>, No. 506CV00030HL, 2007 WL 951419, at *1 (M.D. Ga. Mar. 27, 2007) (quoting <u>Patray v. Nw. Publ'g., Inc.</u>, 931 F. Supp. 865, 869 (S.D. Ga. 1996)). A reasonable basis for the award must be established through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." <u>Adolph Coors Co. v. Movement Against Racism & the Klan</u>, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotations omitted).

Although Plaintiff filed an affidavit with its motion for default judgment that attests to the amount of overpaid wages (Doc. 10, Attach. 1), this affidavit only generally alleges the amount

6

without any further explanation, calculation, or evidence. Such a simple breakdown does not demonstrate the facts necessary to support default judgment. See Carter, 2007 WL 951419, at *1 ("[T]he affidavit provided simply alleges the amount of damages without supporting the amount specifically . . . ."). Additionally, if Plaintiff intends to seek attorneys' fees in its renewed motion, Plaintiff cannot request an entry of default judgment under Rule 55(b)(1). "Courts in the Eleventh Circuit do not consider the reasonableness of attorneys' fees a sum certain under Rule 55." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at *2 (S.D. Ga. May 4, 2020); see, e.g., Lubin, Sarl, a French Co. v. Lubin N. Am., Inc., No. 1:13-CV-2696-AT, 2014 WL 11955396, at *1 (N.D. Ga. Apr. 10, 2014) ("Plaintiff demanded attorney's fees, which are not a sum certain."); Synovus Bank v. ACCU V, No. 11-0116-WS-B, 2012 WL 4760780, at *1 n.1 (S.D. Ala. Oct. 4, 2012) ("Because the plaintiff seeks attorney's fees and expenses as part of its contractual recovery, and because the reasonableness of such fees and expenses cannot 'be made certain by computation,' entry of default judgment must proceed from the Court under Rule 55(b)(2).").

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for default judgment (Doc. 10) is **DENIED**. Plaintiff is **DIRECTED** to file a renewed motion for default judgment within **thirty (30) days** of

7

this order. Plaintiff's renewed motion shall specify the amount of overpaid wages it seeks to recover from Defendant after the disposition of Defendant's bankruptcy case and shall provide the necessary support for the amount requested.[1]

SO ORDERED this 3RD day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court will not accept any renewed motion that incorporates by reference any factual allegation or argument contained in an earlier filing, or that offers only a piecemeal amendment. Plaintiff's renewed motion should be a stand-alone filing that independently contains all the factual allegations necessary to justify entering default judgment.